IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH GREEN | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Civil Action No. |
| TRANS UNION, LLC, | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC, | ) |
| and PROCOLLECT, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants Trans Union, LLC, Equifax Information Services LLC, and ProCollect, Inc. for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA").

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

4. Plaintiff Keith Green is an adult individual who resides in the State of Texas.

5. Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7. Defendant ProCollect, Inc. (hereafter "ProCollect") is a business entity and furnisher of credit information that regularly conducts business in the Eastern District of Pennsylvania and which has a place of business located at 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243. The principal purpose of Defendant, ProCollect, is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.   Factual Allegations

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least March 2015 through the present.

9. The inaccurate information includes, but is not limited to, a collection account with ProCollect, and personal identifying information.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts, and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have

disseminated to various persons and credit grantors, both known and unknown from at least March 2015 through the present.

12. Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following TU, EQ, and ProCollect's established procedures for disputing consumer credit information.

13. Plaintiff has disputed the inaccurate information with TU, EQ, and ProCollect from March 2015 through the present.

14. Notwithstanding Plaintiff's efforts, EQ has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and EQ continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. EQ has repeatedly published and disseminated consumer reports to such third parties from at least March 2015 through the present.

15. Despite Plaintiff's efforts, EQ has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16. Notwithstanding Plaintiff's disputes, ProCollect has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such

inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.   Claims

### COUNT ONE – Violations of the FCRA
### Plaintiff v. TU and EQ

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, TU and EQ were "persons" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, TU and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

26. The conduct of TU and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO – Violations of the FCRA
**Plaintiff v. ProCollect**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto ProCollect was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. ProCollect violated §§ 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30. ProCollect's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result ProCollect is liable to compensate Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT THREE – Violations of the FDCPA
### Plaintiff v. ProCollect

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendants, ProCollect is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above disputes by Plaintiff, as well as the reporting of the inaccurate information to credit reporting agencies by Defendant, ProCollect are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

35. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

36. Defendant, ProCollect, violated the FDCPA. Defendant, ProCollect's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) The false representation of the amount, character or legal status of a debt;

    (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, and

    (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

37. Defendant, ProCollect's, acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

38. As a result of the above violations of the FDCPA, Defendant, ProCollect is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.   JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 15 U.S.C. 1692k(a)(3); and

(e) Such other and further relief as may be necessary, just and proper.

                Respectfully submitted,

                **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*_____
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600
        Attorneys for Plaintiff

Dated: July 6, 2015